IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SHONE EDWARD HANDSHAW,**                           **PLAINTIFF**
**# 39466**

**v.**                                                **CIVIL NO. 1:19cv821-HSO-JCG**

**BILOXI POLICE DEPARTMENT, et**
**al.**                                                      **DEFENDANTS**

## ORDER OF DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff Shone Edward Handshaw ("Handshaw") is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this Complaint pursuant to 42 U.S.C. § 1983, for claims arising from an arrest. After review of the record and relevant legal authority, the Court finds that this case should be dismissed.

### I. BACKGROUND

Handshaw claims that officers in Biloxi, Mississippi, subjected him to excessive force, *see* Compl. [1] at 4; Pl.'s Resp. [8] at 1, following which he was arrested and charged with disorderly conduct and resisting arrest, *see* Compl. [1] at 4. Handshaw initiated this civil action under 42 U.S.C. § 1983, claiming a violation of his right to be free from unreasonable seizures and cruel and unusual punishment. *Id.* Named as Defendants are the Biloxi Police Department and City of Biloxi because they employed the officers and the incident occurred within the City. Pl.'s Resp. [8] at 1. Plaintiff also appears to assert claims for direct liability

against the three John Doe police officers. *Id.* Plaintiff is proceeding *in forma pauperis* in this case. Order Setting Payment Schedule [6] at 1.

## II. DISCUSSION

A. The Prison Litigation Reform Act

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. 28 U.S.C. § 1915(h). The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the inmate "has already pleaded his 'best case'" and his "insufficient factual allegations [cannot] be remedied by more specific pleading," the Court may dismiss the action sua sponte. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (quoting

*Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). Because the Court has permitted Handshaw to proceed *in forma pauperis*, this case is subject to the provisions allowing for sua sponte dismissal under § 1915.

B. <u>Handshaw's claims</u>

Handshaw seeks to hold the Biloxi Police Department and the City of Biloxi vicariously liable under § 1983. The capacity of a police department to be sued is determined according to state law. Fed. R. Civ. P. 17(b)(3). Under Mississippi law, a police department is not a separate legal entity which may be sued. Rather, a police department is an extension of the city. Miss. Code Ann. § 21-17-1(1) (municipalities are distinct legal entities); Miss. Code Ann. § 21-21-1, et seq. (municipalities may create and fund police departments); *see also Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006) (sheriff's department). Therefore, the Biloxi Police Department is not a proper party and should be dismissed.

As for the City, a municipality may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to state a claim against the City under § 1983, Handshaw must allege (1) the existence of a policymaker, and (2) an official policy or custom, (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Nowhere in the pleadings does Handshaw allege the existence of any official custom, policy, or practice by the City. Rather, he sues the City merely because it was the employer of the officers involved and because the incident occurred within the Biloxi city limits. This is insufficient to state a claim against the City under § 1983.

Finally, Handshaw amended his claims to include three unidentified "John Doe" Biloxi police officers. Pl.'s Resp. [8] at 1. Because the named Defendants have been dismissed from this case, the John Doe Defendants will be dismissed without prejudice to Handshaw's right to pursue claims against them in a separate suit once Handshaw ascertains their identities.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case should be and is hereby dismissed. The claims against the named Defendants, Biloxi Police Department and City of Biloxi, are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. The claims against the John Doe Defendants are **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 6th day of February, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE